DIXON, Judge.
This is an appeal from a judgment rendered after a jury verdict for the defendants in a wrongful death action. Plaintiffs are the survivors of William Curtis Lacy, killed on July 6, 1966 when the pick-up truck he was driving met a large truck-trailer combination in a head-on collision on Highway 160 in Bossier Parish.
The issues before us are purely factual. Only the decedent and defendant Billy M. Bailey, driver of the other vehicle, were witnesses to the accident. All the other evidence was circumstantial in nature. The site of the accident was an asphalt-surfaced country road with ten-foot lanes, running generally east and west.
Bailey’s unit, owned by his employer, R. A. Fowler Trucking Co., consisted of a tractor and low-boy trailer, loaded with a bulldozer. Bailey was headed west; Lacy was headed east. Defendant Bailey’s testimony was that when he started down the slight incline going about 40 miles per hour, he saw. the Lacy pick-up at a distance he estimated variously at 200 feet and 200 yards. At 50 or 60 feet, the pick-up veered into defendant’s lane. Lacy was bending over, looking down, and did not look up as Bailey sounded his horn. In an effort to avoid the impending collision, defendant Bailey pulled his truck hard to the left, but the vehicles met, right-front to right-front.
The physical evidence supports Bailey’s testimony that the collision occurred near the center of the highway. Gouges in the road surface led to the points where each vehicle rested. The pick-up was driven backwards into the ditch on its left-hand side; the tractor-trailer plowed a path across the highway to its left-hand side.
Appellants argue that Bailey topped the hill going too fast, encroaching on Lacy’s lane of travel, and that it was Lacy who cut to his left to avoid the truck. This argument is almost entirely speculative. A boy living near the scene glanced out a window and saw defendant’s truck before the accident, and estimated its speed at 60-65 miles per hour, testifying that he did not hear defendant’s horn blow. The other evidence of persons who arrived on the scene after the collision adds little of probative value. The jury was entitled to accept the testimony of Bailey, as it obviously did.
Plaintiffs argue, in the alternative, that they should recover under the doctrine of “last clear chance.” The evidence in this case precludes the application of such doctrine. There was no reason why defendant Bailey should have anticipated that Lacy’s pick-up would be driven across the center of the highway. When that occurred, Bailey made every reasonable effort to avoid the accident. The record does not disclose anything Bailey could have done to evade the oncoming vehicle.
The preponderance of the evidence convinces us that the accident was not caused by any fault of the defendant Bailey, and that the judgment is correct.
The judgment of the district court is affirmed, at the cost of appellants.